NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1317

MARIE GARRETT, ET VIR.

VERSUS

HANOVER INSURANCE COMPANY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 209,628
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Michael G. Sullivan, Judges.

AFFIRMED.

Steven P. Mansour
Mansour & Deason, LLC
2230 S. MacArthur Drive, Suite One
Alexandria, LA 71301
(318) 442-4855
Counsel for Plaintiffs/Appellants:
    Marie Garrett
    Thomas Garrett

Bonita Preuett-Armour
Armour Law Firm
P. O. Box 710
Alexandria, LA 71309
(318) 442-6611
Counsel for Defendant/Appellee:
    State Farm Mutual Auto Insurance Company

**DECUIR, Judge.**

This suit arose from a tragic automobile and pedestrian accident which occurred on June 17, 2002 in Alexandria, Louisiana. The pedestrian, Marie Garrett, and her husband, Thomas Garrett, sued the driver, Hubert McCormick, and others for injuries sustained in the accident. Mrs. Garrett suffered the loss of one leg and the total loss of use of the other leg when she was run over by McCormick driving a Ford F-250 pickup truck. The accident occurred when McCormick suffered a seizure while driving, ran through two red lights, entered a smoking area located outside of Rapides Regional Medical Center, and crashed into the hospital, landing near a desk located inside a hospital office. Mrs. Garrett, a hospital employee, was injured in the smoking area, and another employee was injured inside the building.

Mr. and Mrs. Garrett asserted liability claims against McCormick, his employer, Acme Glass Company of Alexandria, Inc., and its insurer, Hanover Insurance Company. The workers' compensation carrier intervened in the suit to recover benefits paid to Mrs. Garrett. The Garretts also filed suit against the hospital, alleging fault in the design and placement of the smoking area. All of those claims were settled prior to trial. The subject of this appeal is the Garretts' remaining claim against State Farm Mutual Automobile Insurance Company which was dismissed via summary judgment after the trial court found the State Farm policy did not provide coverage for the accident.

The evidence in the record shows that the State Farm policy was purchased by McCormick and his wife to provide coverage on a 1994 Mazda Protégé driven by their daughter. The Garretts contend that the Ford F-250, owned by Acme Glass, is also covered under the State Farm policy because it is included within the policy's definition of a non-owned vehicle for which coverage is afforded. The trial court

disagreed, finding that the truck is excluded as a "non-owned vehicle" because it is owned by McCormick's employer.

Coverage under the State Farm policy turns on the question of whether McCormick is or is not an employee of Acme Glass, a company owned and operated by his family. In their petition, the plaintiffs described McCormick as an employee of Acme Glass, but for purposes of the motion for summary judgment, they contend he is actually an owner and shareholder of the company. The policy provides coverage for non-owned vehicles operated by an insured, but pertinent language in the policy defines a non-owned vehicle, in part, as one "not owned by, registered to or leased to: . . . 4. an employer of *you, your spouse* or *any relative*."

The Garretts argue that an issue of fact exists as to whether McCormick is an employee or an owner and shareholder of Acme Glass. The trial court reviewed the evidence and concluded that McCormick was both. Having inherited an ownership interest in the corporation upon the death of his father, McCormick serves as the registered secretary/treasurer of the corporation. However, he works full-time under the direction of his mother, who manages the Alexandria store, and his brother, who manages the Leesville location. He is paid by the hour, and his responsibilities are dictated by the managers. The trial court explained, "While it may be true that Mr. McCormick inherited shares of stock in Acme Glass Company from his father it does not mean that he could not also have been an employee of Acme Glass Company. Acme Glass Company is a corporate entity for which the employees of Acme Glass work."

Our review of the record reveals no error in the trial court's opinion that "Mr. McCormick was one of those employees at the time of this accident." Furthermore, there is no dispute regarding the ownership of the truck. A plain reading of the State

2

Farm policy shows that McCormick is not covered when he is operating a vehicle owned by his employer. While the policy does provide coverage to an insured driving a non-owned vehicle, it specifically and unambiguously excludes an insured's employer's vehicle from the definition of non-owned vehicles.

Once State Farm showed there was an absence of factual support to prove coverage under the policy for a vehicle not owned by the insured, but also not owned by the insured's employer, the Garretts were required to produce factual support showing they could meet their evidentiary burden of proof at trial. However, they failed to produce any affidavit, deposition testimony, or other evidence contradicting the testimony of McCormick regarding his employment status. Accordingly, summary judgment rejecting coverage under the State Farm policy was properly granted.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

3